Let the rule be made absolute, and an attachment issue accordingly.

---

DAVID MERCEREAU v. MATTHIAS PREST, DAVID OWENS and others.

Mere inadequacy of price, in the absence of fraud and collusion, is not sufficient ground to set aside a sheriff's sale and conveyance.

BILL for relief against a sheriff's sale of real estate, as collusive. Answer by the purchaser, and the person for whose benefit the purchase is charged to have been made, denying all fraud and collusion. The cause came on for final hearing upon the pleadings and proofs, and was submitted without argument.

G. Wood, for complainant.

Nevius, for defendant.

THE CHANCELLOR. The object of this bill is to set aside a sale, and for an account, &c. It is charged, that on the twentieth of June, eighteen hundred and twenty-six, the complainant obtained a judgment against Prest for one hundred and ninety-eight dollars and forty cents. An execution issued and was levied on a horse, wagon, harness, sulky, bark, bark-mills, hides in vats, leather, household furniture, &c. In September, eighteen hundred and twenty-six, the complainant, as assignee of

[Mercereau v. Prest et al.]

Robert Montgomery, obtained a judgment against said Prest and one William Disborough, junior, for four hundred and six dollars and fifty-seven cents, on which an execution was issued, and a like levy was made. Prest took the benefit of the insolvent laws in eighteen hundred and twenty, and assigned all his property to Jacob Drake. Prior to this, viz. in eighteen hundred and nineteen, John Outcalt, D. W. Disborough and Obadiah Herbert obtained a judgment against him, upon which execution was issued, and his real and personal property was sold, by sheriff Vanarsdale. The land was sold to David Owens, for two hundred and fifty dollars, and a deed made accordingly. The complainant insists that this sale was collusive; that though the purchase was made ostensibly by Owens, yet it was for the benefit of Prest, who advanced the money; that Prest has used the property ever since he took the benefit of the act, and the assignee has colluded with him and not applied the property to the benefit of the creditors. When the sheriff levied on the personal property of Prest under the executions, Owens set up a claim for rent for one year, and the sheriff thereupon desisted from selling, though the property was worth much more than the amount of rent claimed, even if it had been a just claim, but that it was false and fraudulent. That the personal property has ever since remained in possession of Prest. It is charged that Jacob Drake, the assignee, is dead, that Nancy Drake is his heir at law, and F. S. Vanarsdale his administrator. The sheriff is also dead, and his representative is made a party. The bill prays that the defendants may account for the amount due on the complainant's judgments; that the sale to Owens may be set aside, and he be decreed to account for the rents and profits; that a receiver may be appointed to take charge of the estate assigned to Drake, and dispose of it according to the trust; and that the personal property levied on, may be applied to the satisfaction of the complainant's judgments, &c.

An answer has been filed by Prest and Owens. It admits the two judgments of the complainant, and alleges a want of consideration in both. It admits that Prest was seized of the real

estate in the bill mentioned ; that he took the benefit of the in-solvent act, and made an assignment to Jacob Drake.   It admits the judgment of Outcalt, Disborough and Herbert, but denies that the property was struck off to Owens ; says it was sold to Outcalt for two hundred and fifty dollars, at fair public sale, and the deed was made to Owens by direction of Outcalt, on his giving bond and mortgage to Thomas Letson for four hundred and sixty-one dollars, to pay a debt of Outcalt ; which bond and mortgage are still outstanding, and Letson has obtained a judg-ment upon the bond, which is still unsatisfied, except a part of the interest which has been paid by Prest, who is tenant under Ow-ens.  It denies that the sale was collusive, or that the money was furnished by Prest, who has remained in as tenant.   The answer also states, that all Prest's personal property was sold under Out-calt's execution, while Prest was in jail ; the principal part of it was bought by Owens and paid for out of his own funds, and the complainant was present at the sale.   Prest has been in posses-sion of part of the personal property since, but it was loaned to Prest's wife, (who is Owens' daughter,) from motives of benevo-lence to her and her children.   It admits the claim for rent, as stated in the bill, and alleges it to be just.

Testimony has been taken on the part of the complainant, and the cause submitted without argument.

The object of the complainant is to set aside the sale of Prest's property as made by sheriff Vanarsdale, under the execution of Outcalt, Disborough and Herbert, on the ground of fraud and collusion, and to have a distribution under the insolvent law.   It appears to go on the ground that the property was purchased for two hundred and fifty dollars by Owens, when it was worth one thousand dollars, and that the money was furnished by Prest. The testimony is not very satisfactory as to the actual value of the property at the time of the sale.   It has been considerably improved since the sale.   A bark house and a bark-mill house have been built on it, and the shoemaker's shop repaired.   Besides which, property has risen in value.   One of the witnesses thinks the property is worth thirteen hundred dollars, and says Prest

offered to sell it to witness for that sum about the year eighteen hundred and twenty-seven. Jacob Van Cleef thinks one thousand dollars would be a round price for it, and does not think it would bring that at sheriff's sale. It is evident from this that the property must have been worth considerably more, even at the time of the sale, than the amount bid for it and at which it was struck off. But this will not avail the complainant. Mere inadequacy of price will not warrant the court in setting aside the sale and subsequent conveyance, unless there appears to have been some fraud or collusion between the purchaser and the sheriff or some other person : 2 *John. Chan. R.* 23; 10 *Vesey,* 292; *Bank of New-Brunswick* v. *Hassert, Saxton's Rep.* 1; *Ex'r of Simmons* v. *Vandegrift, Saxton's Rep.* 69.

On the subject of fraud, there is no sufficient evidence to charge the defendants. It appears, as far as can be collected from a case very defectively presented on both sides, that the property was bid in by Outcalt, one of the plaintiffs in the execution by which it was sold, and not by Owens, and that Outcalt afterwards sold it to Owens at an advance. This is not an uncommon proceeding. The amount of the judgment was nearly one thousand dollars, which was more than all the property was worth at that time. The plaintiffs in execution had it under their control, and for that reason it probably brought less than it would otherwise have done. If by reason of this advantage, the plaintiffs, or one of them, was enabled to speculate on it, I do not know that he can be reached even in equity. And if he could, no more would be required than that the gain should be credited on the execution. If this were done, the execution would not yet be satisfied, and the complainant or the general creditors would derive no benefit from it.

If Outcalt purchased, and not Owens, it disposes of the charge that the money was advanced by Prest. The charge is expressly denied by Owens and Prest in their answer, and there has been no attempt to contradict the answer by proof.

The facts, that Prest resided on the property the whole time, and that he expended money on it in the erection of shops and

[Mercereau v. Prest et al.]

a barn, are sufficient to excite suspicion, standing by themselves. But the same testimony of the plaintiff which goes to prove these facts, shows also that Prest occupied the property as a tenant, at thirty dollars a year rent; and that, although the buildings he put up were his, the lots belonged to Owens, his father-in-law. This relieves the case in a degree, and places it in such a situation as to prevent the sale being set aside on the ground of fraud, without further evidence.

As to the personal property, no evidence has been adduced on either side. The bill charges that it has been suffered to remain in possession of Prest, in fraud of the rights of creditors, but makes no mention of its having been sold at the sheriff's sale. The answer admits the possession, but denies the fraud, and alleges that it was sold at the sheriff's sale and purchased in principally by Owens, with his own funds, and that it has since been left with the family for their benefit, Mrs. Prest being the daughter of Owens. This last allegation is not proved, or attempted to be proved, as it should have been; but the fraudulent possession is denied sufficiently to put the complainant on his proof, if he had any.

The case, upon the whole, is not free from doubt; but I do not find enough in it to authorize me to give the complainant the relief he asks, and shall therefore order the bill to be dismissed, with costs.

Decree accordingly.